ROBERT WISNIEWSKI P.C.
225 Broadway, Suite 1020
New York, NY 10007
(212) 267-2101
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

MARCIO RIBEIRO, DIEGO BATISTA-SANTOS, GIANCARLO BATISTA-SANTOS, IVONALDO BRITO ANDRADE, and CLAUDIO RICARDO DA COSTA MENEZES, on behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

EXCLUSIVE DETAILING, INC., MICHAEL AGOLIA, LIZA AGOLIA, and CARL DeALMEIDA,

Defendants.

-----------------------------------------------------------------X

Docket No.:

**COLLECTIVE/CLASS ACTION**

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiffs Marcio Ribeiro ("Ribeiro"), Diego Batista-Santos ("Diego"), Giancarlo Batista-Santos ("Giancarlo"), Ivonaldo Brito Andrade ("Andrade"), and Claudio Ricardo Da Costa Menezes ("Menezes"), on behalf of themselves and all others similarly situated, by and through their attorneys, Robert Wisniewski P.C., as and for their Complaint against Defendants Exclusive Detailing, Inc. (the "Corporate Defendant"), Michael Agolia, Liza Agolia (collectively the "Owner Defendants"), and Carl DeAlmeida (the Owner Defendants and Carl DeAlmeida collectively referred to herein as the "Individual Defendants") state as follows:

-1-

## NATURE OF THE ACTION

1. Plaintiffs bring this action on behalf of themselves and all others similarly situated (**Exhibit 1**) to recover unpaid wages, overtime wages, liquidated damages, interest and reasonable attorneys' fees and costs under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) and the various wage orders promulgated thereunder by the U.S. Department of Labor and codified at 29 C.F.R. § 500 *et seq.* ("FLSA"), and Articles 6 and 19 of the New York Labor Law and the various wage orders promulgated thereunder by the New York State Department of Labor and codified at 12 N.Y.C.R.R. §§ 135-146 ("NYLL").

2. Plaintiffs and others similarly situated regularly worked in excess of 40 hours per week, but were not paid for all of the hours they worked, nor were they paid at the proper overtime rate as required under the FLSA and NYLL.

## PARTIES, JURISDICTION AND VENUE

3. At all relevant times herein, Plaintiffs Ribeiro and Menezes were and are residents of the State of New Jersey, Bergen County.

4. At all relevant times herein, Plaintiffs Diego, Giancarlo, and Andrade were and are residents of the State of New Jersey, Hudson County.

5. At all relevant times herein, the Corporate Defendant was and is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New Jersey, and having its principal place of business at 485 Lafayette Avenue, Hawthorne, New Jersey 07506.

6. At all relevant times herein, the Owner Defendants were and are residents of the State of

New Jersey, Essex County.

7. Upon information and belief, at all relevant times herein, Defendant Carl DeAlmeida was and is a resident of the State of New Jersey, Passaic County.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this action arises under the FLSA. This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

9. Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000, the activities of which affect interstate commerce in that the employees of Defendants work at car dealerships outside of New Jersey, and handle goods and materials produced outside of New Jersey (including paint, tools, cleaning supplies, and other items) that have moved in interstate commerce, and Defendants are thus employers subject to the jurisdiction of the FLSA.

10. This Court has personal jurisdiction over the Corporate Defendant in that it maintains significant contacts with the State of New York, and transacts a substantial amount of business in New York and derives substantial revenues therefrom.

11. This Court has personal jurisdiction over the Individual Defendants in that they regularly transact a substantial amount of business in New York and contract to supply goods and services within the state, and derive substantial revenues therefrom.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b), because substantial events giving rise to Plaintiffs' claims occurred in this district.

**JURY DEMAND**

13. Plaintiffs demand a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

14. Defendants own and operate a car wash and detailing service based in Hawthorne, New Jersey. Defendants contract with car dealerships in the New York metro area to provide workers at the dealership locations. The Owner Defendants are the owners of the Corporate Defendant, and Carl DeAlmeida is the general manager of the business.

15. Plantiffs and others similarly situated were employees of Defendants who worked as car washers and detailers at car dealerships in the New York metro area. At all relevant times herein, the named Plaintiffs all worked at Rallye Mercedes, located in Roslyn, New York (the "Dealership").

16. Plaintiff Ribeiro worked for Defendants at the Dealership as a detailer for approximately 14 years, from 2001 until approximately March 2015. Ribeiro was paid $12 per hour straight time, regardless of the total number of hours he worked per week.

17. Ribeiro regularly worked 6 days a week, Monday through Saturday, from 7 AM until 5 PM with a 30 minute lunch break each day, for a total of approximately 57 hours per week.

18. Plaintiff Diego worked for Defendants at the Dealership from 2006 until approximately November 11, 2014. From 2006 until 2011, Diego worked as a detailer; then in 2011 Diego was promoted to a salaried supervisory position. In November 2013, Diego returned to work as a detailer, and continued to do so until the end of his employment with Defendants. While working as a detailer, Diego was paid $12 per hour straight time, regardless of the total number of hours he worked per week.

19. While working as a detailer, Diego regularly worked 6 days a week, Monday through

Saturday, for approximately 10 hours per day, for a total of approximately 60 hours per week.

20. Plaintiff Giancarlo worked for Defendants at the Dealership as a detailer from 2004 until approximately November 11, 2014. Giancarlo was paid $12 per hour straight time, regardless of the total number of hours he worked per week.

21. Giancarlo regularly worked 6 days a week, Monday through Saturday, for approximately 10 hours per day, for a total of approximately 60 hours per week.

22. Plaintiff Andrade worked for Defendants at the Dealership from 1998 until approximately November 11, 2014. Prior to June 2011, Andrade worked as a detailer. From June 2011 until the end of his employment with Defendants, Andrade worked as a salaried supervisor. While working as a detailer, Andrade was paid $15 per hour straight time, regardless of the total number of hours he worked per week.

23. While working as a detailer, Andrade regularly worked 6 days a week, for approximately 10 hours per day, for a total of approximately 60 hours per week.

24. Plaintiff Menezes worked for Defendants at the Dealership as a detailer from 2006 until 2008, and then again from approximately May 2009 until approximately April 2011. Menezes was paid $10 per hour straight time, regardless of the total number of hours he worked per week.

25. Menezes regularly worked Monday through Friday and occasionally worked Saturday as well, from 7 AM until 4-4:30 PM, with no lunch break, for a total of approximately 45-57 hours per week.

26. Despite regularly working well over 40 hours per week, Plaintiffs and others similarly

situated were not paid for their overtime hours at the overtime premium rate of one-and-a-half times their regular hourly rates for the hours in excess of 40 per week.

*Defendant's Failure to Pay for All Hours Worked and Overtime Was Knowing And Willful*

27. Defendants as employers have certain statutory obligations towards their employees, including the requirement of paying employees for all hours worked, to pay at the higher overtime premium of one-and-a-half times their regular rate for each hour worked in excess of 40 per week, and to make, keep, and preserve accurate payroll records.

28. Defendants were aware of their statutory requirements, including the requirement to keep to pay Plaintiffs and others similarly situated for each hour worked and at the overtime premium rate for each hour worked in excess of 40 per week, and to make, keep, and preserve accurate payroll records.

29. However, Defendants knowingly failed to pay Plaintiffs and others similarly situated all of the regular and overtime wages to which they were entitled, and to make, keep, and preserve accurate payroll records.

30. As such, the various violations of the law which are alleged herein were committed knowingly, willfully, and intentionally by Defendants.

31. At a minimum, Defendants failed to take the necessary steps to ascertain their duties with respect to the payment of wages to their employees.

*Facts Relating to the Defendants as Joint Employers*

32. At all relevant times herein, the Corporate Defendant was and is controlled by the Individual Defendants.

33. At all relevant times herein, the Individual Defendants conducted business as the

Corporate Defendant.

34. At all relevant times herein, the Individual Defendants acted for and on behalf of the Corporate Defendant, with the power and authority vested in them as owners, officers, managers, agents, and employees of the Corporate Defendant, and acted in the course and scope of their duty and function as owners, officers, managers, agents, and employees of the Corporate Defendant.

35. At all relevant times herein, the Individual Defendants directly managed, handled, or were otherwise ultimately responsible for the payroll and payroll calculations and signing and issuing checks for Plaintiffs and others similarly situated.

36. The Individual Defendants had control over the conditions of employment of Plaintiffs and others similarly situated, including their hiring and firing, their work schedules, the rates and methods of payment of their wages, and the maintenance of their employment records.

37. At all relevant times herein, the Individual Defendants had operational control over the Corporate Defendant.

38. As a matter of economic reality, all Defendants are joint employers of Plaintiffs and others similarly situated; and, as a result, all Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

*Facts Relating to Piercing the Corporate Veil*

39. Upon information and belief, the Corporate Defendant is wholly owned by the Owner Defendants.

40. Upon information and belief, in conducting the affairs of the Corporate Defendant, the

Individual Defendants failed to comply with the required corporate formalities, including recordkeeping, governance requirements, and other formalities.

41. Upon information and belief, the Owner Defendants used the assets of the Corporate Defendant as their own, and otherwise commingled personal assets with the assets of the Corporate Defendant.

42. As alleged herein, the Individual Defendants used the Corporate Defendant in order to circumvent a statute or statutes, or accomplish other wrongful acts or in furtherance of other wrongful or inequitable purposes.

43. The Corporate Defendant is the alter-ego of the Individual Defendants; and, as will be established at trial, for the purpose of the claims made by Plaintiffs herein, the Corporate Defendant has no separate legal existence from the Individual Defendants. As such, the Corporate Defendant and the Individual Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

## COLLECTIVE ACTION ALLEGATIONS

44. Plaintiffs bring this action on behalf of themselves and all other persons who were or are employed by Defendants as car washers and detailers and did not receive the compensation required by the FLSA in respect to their work for Defendants.

45. Upon information and belief, this class of persons consists of not less than fifty (50) persons.

46. There are questions of law and fact common to the class, specifically whether the employment of Plaintiffs and others similarly situated by Defendants is subject to the jurisdiction and the wage and overtime requirements of the FLSA. Only the amount of

individual damages sustained by each former or current employee will vary.

47. Plaintiffs and Defendants' other employees are similarly situated insofar as Defendants instituted a policy to not pay Plaintiffs and others proper overtime wages under the FLSA.

48. Plaintiffs bring the first claim for relief herein on behalf of themselves individually and all others similarly situated as a collective action pursuant to the FLSA, in respect to all claims that Plaintiffs and all others similarly situated have against Defendants as a result of Defendants' violations under the FLSA.

## CLASS ACTION ALLEGATIONS

51. Plaintiffs bring this action on behalf of themselves and all other persons who were or are employed by Defendants as car washers and detailers and did not receive the compensation required by the NYLL in respect to their work for Defendants.

52. Upon information and belief, this class of persons consists of not less than fifty (50) persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23 (a)(1).

53. There are questions of law and fact common to the class which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiffs and others similarly situated by Defendants is subject to the jurisdiction and the wage and overtime requirements of the NYLL. Only the amount of individual damages sustained by each class member will vary.

54. The claims of Plaintiffs are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

55. Plaintiffs will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the other members of the class.

56. A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23 (b)(3).

57. Plaintiffs bring the second claim for relief herein on behalf of themselves individually and all others similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23, in respect to all claims that Plaintiffs and all others similarly situated have against the Defendants as a result of Defendants' violations of the NYLL.

### FIRST CLAIM FOR RELIEF
### (FLSA)

58. Plaintiffs repeat and reallege each and every previous allegation as if fully set forth herein.

59. Plaintiffs and others similarly situated are persons covered by, and/or intended to benefit from, the provisions of the FLSA in respect to their work for Defendants.

60. Pursuant to the FLSA, Plaintiffs and others similarly situated were entitled to certain regular and overtime wages, which Defendants intentionally and willfully failed to pay in violation of such laws.

61. Plaintiffs and others similarly situated regularly worked in excess of 40 hours per week for Defendants, but did not receive the proper overtime wages to which they were entitled for all hours worked.

62. Accordingly, Plaintiffs and all others similarly situated seek a judgment for unpaid regular and overtime wages, such sums to be determined based upon an accounting of the

hours worked by, and wages actually paid to, Plaintiffs and all others similarly situated, along with an award of liquidated damages, interest, attorneys' fees, and costs, as provided for by the FLSA.

## SECOND CLAIM FOR RELIEF
## (NYLL)

63. Plaintiffs repeat and reallege each and every previous allegation as if fully set forth herein.

64. Plaintiffs and others similarly situated are persons covered by, and/or intended to benefit from, the provisions of the NYLL and the wage orders promulgated the veil by the New York Department of Labor in respect to their work for Defendants.

65. Pursuant to the NYLL and the wage orders, Plaintiffs and others similarly situated were entitled to certain minimum, hourly, and overtime wages, all of which Defendants intentionally and willfully failed to pay in violation of such laws.

66. Plaintiffs and others similarly situated regularly worked in excess of 40 hours per week for Defendants, but did not receive the proper regular and overtime wages to which they were entitled for all hours worked.

67. Accordingly, Plaintiffs and all others similarly situated seek a judgment for unpaid minimum and overtime wages, such sums to be determined at trial upon an accounting of the hours worked by, and wages paid to, Plaintiffs and all others similarly situated, along with an award of liquidated damages, interest, attorneys' fees, and costs, as provided under the NYLL.

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and

thereafter Plaintiffs demand a trial by jury and judgment against Defendants as follows:

    a.    Compensatory damages in an amount to be determined at trial;

    b.    Liquidated damages pursuant to the FLSA and NYLL;

    c.    Pre-judgment interest; and

    d.    Plaintiffs' costs and reasonable attorney's fees;

Together with such other and further relief that the Court deems just.

Dated: New York, NY
       November 25, 2015

ROBERT WISNIEWSKI P.C.

By: _____
Robert Wisniewski (RW-5308)
225 Broadway, Suite 1020
New York, New York 10007
(212) 267-2101
*Attorneys for Plaintiffs*